UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                          |   |                                  |
|--------------------------|---|----------------------------------|
| STEVEN C. THOMPSON,      | : | CIVIL ACTION NO. 05-4634 (MLC)   |
|                          | : |                                  |
|     Plaintiff, | : | **MEMORANDUM OPINION** |
|                          | : |                                  |
|     v. | : |                                  |
|                          | : |                                  |
| JOEL A. PISANO, et al.,  | : |                                  |
|                          | : |                                  |
|     Defendants. | : |                        |

**THIS MATTER ARISES** on the in-forma-pauperis application of the plaintiff pro se pursuant to 28 U.S.C. § ("Section") 1915. This is an action against defendants listed as (1) "Joel A. Pisano, U.S.D.J., and Chambers et als," (2) "John (Doe) Fictitious Last Name, Law Clerk," and a similar "Jane Doe," (3) "Madeline Cox Arleo, U.S.M.J., and Chambers et als," and (4) "WolfBlock, attorneys at law, Anthony Juliano, individually, Ousmane D. Al-Misri, attorney at law, Cozen OC'Connor — attorneys at law, [and] Evan B. Caplan, individually" (hereinafter, "Attorney Defendants"). (Compl., at 1.) The Court will address the application before reviewing the complaint's sufficiency. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).[1]

---

[1] The plaintiff is no stranger to commencing litigation pro se in the District of New Jersey. See, e.g., Thompson v. Mobile Commun., Dkt. No. 98-4691 (WJM); Thompson v. Sec'y of Dep't of Health & Human Servs., Dkt. No. 00-394 (WHW); Thompson v. Sec'y of Dep't of Health & Human Servs., Dkt. No. 02-1150 (WJM); Thompson v. Eva's Vill. & Shelt. Prog., Dkt. No. 04-2548 (JAP); Thompson v. Irwin, Dkt. No. 04-6453 (JLL); Thompson v. Passaic County Cmty. Coll., Dkt. No. 05-4232 (DMC).

**THE APPLICATION**

**I.   Allegations In Support**

The plaintiff has filled out neither a form issued by the District of New Jersey nor a similar form.  Instead, he states:

> I am a **disabled veteran 100% total disability** service connected since March of 1996, I have been divorced for well over 15 years.  I am not employed full time nor am I engaged in any meaningful gainful employment.  I do not expect any major changes to my monthly income or expenses.  Because of my poverty I have no assets, checking or savings accounts, nor do I own or possess any real estate.  My liabilities includes a rental in the amount of $900.00 per month, I have an outstanding student loan, and medical bills, utilities, food, medication and other related bills.  Because of my injury, coronary artery (triple by-pass) disease, high blood pressure, and diabetes I am 100% permanent disabled as rated by the Veterans Administration.

(App., at 2 (as stated in original).)  But he fails to state if he (1) received any money — and if so, the source and amount — in the past 12 months, (2) anticipates receiving money in the future, or (3) received in the past 12 months any (a) pensions, annuities, or insurance payments, (b) disability or workers compensation payments, or (c) gifts or inheritances.  He also fails to state (1) when he was last employed and his monthly salary, (2) if any persons are dependent on him for support, or (3) how he is able to pay his rent and bills.  Thus, his application is incomplete.

**II. Application Denied**

The Court will deny the application because the plaintiff fails to show entitlement to in-forma-pauperis relief.  See

2

Spence v. Cmty. Life Improv., No. 03-3406, 2003 WL 21500007, at
*1 (E.D. Pa. June 26, 2003); Daniels v. County of Media, No. 03-
377, 2003 WL 21294910, at *1 (E.D. Pa. Feb. 6, 2003); White v.
Carollo, No. 01-4553, 2001 WL 1159845, at *1 (E.D. Pa. Sept. 13,
2001).  The Court notes that in a different action, the
plaintiff's application for in-forma-pauperis relief — which
contained the same statement presented here — was denied as being
incomplete.  (See Thompson v. Passaic County Cmty. Coll., Dkt.
No. 05-4232 (DMC), 8-26-05 App., at 2; id., 9-26-05 Order.)

**THE COMPLAINT**

## I.   Section 1915(e)(2)(B)

The Court may (1) review the complaint, and (2) direct sua
sponte that it not be filed if it is frivolous or malicious, fails
to state a claim on which relief may be granted, or seeks monetary
relief against a defendant who is immune from such relief.  28
U.S.C. § 1915(e)(2)(B); see King v. E. Lampeter Twp., No. 02-
2122, 2003 WL 21523249, at *1-*2 (3d Cir. July 2, 2003); Mariani
v. United States, 212 F.3d 761, 769 (3d Cir. 2000).  The
complaint — consisting of 60 pages — appears to allege that the
defendants engaged in misconduct in an action brought by the
plaintiff in the Newark Vicinage of the District of New Jersey,
Thompson v. Eva's Village & Sheltering Program, Dkt. No. 04-2548
(JAP) ("Eva's Village").

## II.  <u>Eva's Village</u>

The plaintiff filed therein a 54-page complaint, alleging his
constitutional rights were violated in a drug-treatment program.
(<u>See</u> <u>Eva's Vill.</u> Compl.)  The Attorney Defendants represented the
defendants in, and Judge Pisano and Magistrate Judge Arleo were
assigned to, <u>Eva's Village</u>.  (<u>See</u> Dkt. No. 04-2548 (JAP).)

Magistrate Judge Arleo denied the plaintiff's motion for
entry of judgment by default against the defendants in October
2004.  (<u>Id.</u>, dkt. entry no. 15.)  The plaintiff then moved for
Magistrate Judge Arleo's recusal; the motion was denied in
November 2004.  (<u>Id.</u>, dkt. entry no. 22.)

The plaintiff moved for entry of judgment against one
defendant in February 2005; Judge Pisano directed that a hearing
be conducted.  (<u>Id.</u>, dkt. entry nos. 36-39).  The plaintiff then
sought an accommodation because, <u>inter alia</u>, he was "**being
stressed out** because of this complex litigation."  He also argued
that (1) he "can not cope with the intimidation methods by the
above named judges"; (2) "retaliation by the above named judges
will result in a civil lawsuit against them"; and, (3) the
hearing should be adjourned.  (<u>Id.</u>, dkt. entry nos. 41-42).
Judge Pisano then adjourned the hearing to a date requested by
the plaintiff.  (<u>Id.</u>, dkt. entry no. 43.)

The motion for entry of judgment, as well as two more
motions for recusal made by the plaintiff as to Judge Pisano and

4

Magistrate Judge Arleo, were denied.  (Id., dkt. entry nos. 54, 55, 60, 86.)  The plaintiff apparently appealed from the resulting orders less than one month ago.  (Id., 10-13-05 App. Not.; id., 10-18-05 3d Cir. Ct. of Apps. dkt. no. assignment under No. 05-4618.)  Other motions for summary judgment appear to be pending in Eva's Village.  (See Dkt. No. 04-2548 (JAP).)

### III.  Allegations Here

The plaintiff (1) repeats the claims made in Eva's Village, (2) alleges Judge Pisano and Magistrate Judge Arleo erred in denying his motions for entry of judgment, an accommodation, and recusal therein, and (3) argues the pending motions for summary judgment therein should be denied (hereinafter, "First Set Of Claims").  (Compl., at 6-31, 45, 51.)  He also alleges that Judge Pisano, Magistrate Judge Arleo, and their staffs (1) "may have accepted a bribe by the [Defendant Attorneys]"; (2) were "swayed by **political influence**"; (3) "connived with the [Defendant Attorneys] **denying [him]** discovery"; (4) are "in collusion with the [Defendant Attorneys]"; (5) "fabricated as well as suppressed evidence"; and, (6) "**may have been paid from some type [of] discretionary fund or some type of promises of employment for the Law Clerks**" (hereinafter, "Second Set Of Claims").  (Compl., at 16, 20, 31, 35, 36, 46 (all forms of emphasis in original).)  The Court concludes that the plaintiff's claims are barred on several alternative grounds.

## IV.  Complaint Not To Be Filed

### A.   Complaint In Its Entirety

The complaint consists of 60 pages of rambling assertions.
The quotes presented <u>supra</u> are typical of the "dense thicket of .
. . underlines [and] italics" throughout the complaint.  <u>Doumit
v. Coldwell Banker Realtors</u>, Nos. 05-2061 & 05-2504, 135
Fed.Appx. 543, 544 (3d Cir. June 22, 2005).  The complaint in its
entirety violates the Federal Rules of Civil Procedure, which
require that (1) a complaint contain "a short and plain statement
of the claim," and (2) "[e]ach averment . . . be simple, concise,
and direct."  Fed.R.Civ.P. 8(a),(e).

The Court concludes that the complaint in its entirety is
frivolous and fails to state a claim on which relief may be
granted.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); <u>Eisenstein v.
Ebsworth</u>, No. 04-2549, 2005 WL 1634356, at *1 (3d Cir. July 13,
2005) (affirming order dismissing complaint for, <u>inter alia</u>,
violating Rule 8, as it was incomprehensible and not succinct);
<u>Concepcion v. Resnik</u>, No. 05-1840, 143 Fed.Appx. 422, 426 n.1 (3d
Cir. July 27, 2005) (same as to "80-page complaint"); <u>Doumit</u>, 135
Fed.Appx. at 544 (same as to complaint with "thirty-four pages").

### B.   Complaint Insofar As Asserted Against Judges And Staff

The complaint insofar as asserted against Judge Pisano and
Magistrate Judge Arleo — to the extent the complaint arguably
states cognizable claims — is barred under the absolute-immunity

doctrine, as the alleged conduct concerns judicial acts.  Judges cannot be held civilly liable for their judicial acts, even when those acts are in excess of their jurisdiction and alleged to have been done maliciously or corruptly.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000).

The complaint insofar as asserted against the "Law Clerks" and the staffs of Judge Pisano and Magistrate Judge Arleo — to the extent the complaint arguably states cognizable claims — also is barred under the absolute-immunity doctrine.  See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435-36 (1993) (extending absolute immunity to court clerks); Waits v. McGowan, 516 F.2d 203, 206 (3d Cir. 1975) (recognizing clerk absolutely immune when performing discretionary act or function at judge's direction); Marcedes v. Barrett, 453 F.2d 391, 391-92 (3d Cir. 1971) (extending immunity to court clerk and staff); Davis v. Phila. Cty., 195 F.Supp.2d 686, 688 (E.D. Pa. 2002) (stating judicial or quasi-judicial immunity applies to court clerk).

The Court concludes that the complaint insofar as asserted against Judge Pisano, Magistrate Judge Arleo, and their staffs is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against defendants who are immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Several of those claims also are malicious.  (See infra.)

7

### C.    First Set Of Claims

The plaintiff cannot seek relief concerning the First Set Of Claims from a different district court judge.  A litigant must seek relief from a judgment or an order issued by a district court judge from (1) the same judge, or (2) the proper Court of Appeals.  <u>See</u> Fed.R.Civ.P. 60 (motion for judge to grant relief from own judgment or order); L.Civ.R. 7.1(i) (motion for judge to reconsider own judgment or order); Fed.R.App.P. 3-5 (concerning appeals from district-court judgment or order).  In fact, the allegations in the First Set Of Claims appear to be at issue in (1) a pending appeal in <u>Eva's Village</u> before the Third Circuit Court of Appeals, and (2) pending motions before Judge Pisano in <u>Eva's Village</u>.[2]

The Court concludes that the First Set Of Claims are frivolous and fail to state a claim on which relief may be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

### D.    Second Set Of Claims

The Second Set Of Claims are without basis and abusive. They represent an attempt "to retaliate against and harass [the]

---

[2]    The First Set Of Claims also appear to be barred by the doctrines of (1) collateral estoppel, or issue preclusion, because identical issues were decided in <u>Eva's Village</u>, and (2) res judicata, or claim preclusion, because these claims arise from the same occurrences as the claims raised in <u>Eva's Village</u>, and should have been raised therein.

defendants," and thus are "malicious."  Concepcion, 143 Fed.Appx. at 426.  They merit neither further discussion nor further analysis.  The Court concludes that the Second Set Of Claims are malicious and fail to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).[3]

### CONCLUSION

The complaint is frivolous, malicious, fails to state a claim on which relief may be granted, and seeks monetary relief against defendants who are immune from such relief.  The Court will direct the Clerk of the Court (1) not to file the complaint, and (2) to designate the action as closed.  For good cause appearing, an appropriate order and judgment will be issued.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

_____

[3]  This is not the first time that the plaintiff, upon not prevailing in a matter, has accused a judge of being bribed. (See Thompson v. Irwin, Dkt. No. 04-6453 (JLL), 3-11-05 Mem.Op. (noting plaintiff accused assigned judge of being bribed).)